PETER, APPELLANT, *v.* STEPHENS, RESPONDENT.

[Argued July 15, 1891. Decided August 3, 1891.]

PLEADING—*Ejectment*—*Adverse possession*—*Limitation.*—A complaint in ejectment which alleges that at a date more than five years prior to the commencement of the action, plaintiff was and ever since has been seised in fee and entitled to the possession of the property in question, and that at such date defendant, while he was so seised and entitled to the possession, entered upon the premises, ousted and ejected him therefrom, and has ever since withheld possession, does not show on its face that the possession of the defendant was adverse, as under section 32 of the Code of Civil Procedure the occupation of the premises by the defendant is deemed to have been in subordination to the plaintiff's legal title, unless it appear to have been held adversely thereto for five years before the commencement of the action, and therefore the action is not barred by limitation under section 29 of the Code of Civil Procedure, requiring the plaintiff to have been seised or possessed of the property within five years before the commencement of the action. (*Lamme* v. *Dodson*, 4 Mont. 587; *National Min. Co.* v. *Powers*, 3 Mont. 344, cited.)

*Appeal from Fourth Judicial District, Missoula County.*

Action of ejectment. Defendant's demurrer to the complaint was sustained by MARSHALL, J.

*Henry C. Stiff*, and *Kenneth M. Nicholes*, for Appellant.

It appears from plaintiff's complaint that he entered into possession of the lot of land described in said complaint, having legal title thereto, and the general rule is that if a person so enters into his lands his seisin is not bounded by his actual occupancy, but is held to be co-extensive with his title, and as it appears from the face of the complaint that plaintiff from the date of the beginning of his ownership of said lot of land to the time of the commencement of this action occupied a part of said lot, he must, under this general rule, have been considered in possession of the whole thereof. (*Green* v. *Liter*, 8 Cranch, 250; *Swift* v. *Mulkey*, 17 Or. 532.)

The rule just quoted is in perfect harmony with the provisions of section 32, title 3, chapter 2 of the Compiled Statutes of Montana, when it does not appear that the property in controversy has been held and possessed adversely to such legal title for five years before the commencement of the action. The defendant relies upon bare possession alone to defeat plaintiff's action. Under the authorities cited, simple possession is not sufficient to defeat the action, but, in order to be effective, the possession must be an adverse one; therefore, unless it appears from the pleadings that defendant's possession was adverse to the legal title, the demurrer should have been overruled and defendant required to answer and allege five years' adverse possession if that was the ground upon which he wished to rely. Sections 33, 34, and 36 of the Code of Civil Procedure enumerate what facts shall constitute an adverse possession, and under the provisions of the sections just referred to it is necessary that the party entering into and continuing in possession should do so under *claim of title*. There is nothing whatever in the pleadings in the case even indicating that defendant claimed any sort of title to the land in dispute. The doctrine of adverse possession must be taken strictly; it is a question of fact to be established by clear and positive proof, and is not to be made out by inferences. Every presumption is in favor of possession in subordination to the title of the true owner. (Boone on Real Property, § 252, p. 282; 2 Estee's Pleadings and Forms, § 2269, p. 118; 1 Am. Law Reg. p. 244; 1 Am. & Eng. Encycl. of Law, 236.)

The respondent contends that the phrase "wrongful and un-

lawful," used in plaintiff's complaint, amounts to an allegation of adverse possession by defendant. The matter of adverse possession is a question of fact, and the phrase referred to, so far from amounting to such an allegation, does not allege any fact whatever, but is an allegation of a conclusion of law, and as such may be treated as surplusage. (*Payne* v. *Treadwell*, 16 Cal. 245.)

*Toole & Wallace*, for Respondent.

The complaint alleges, among other things, (*a*) that upon the second day of April, 1885, the plaintiff was seised in fee and entitled to the possession of the land in controversy; (*b*) that upon the same day the defendant wrongfully and unlawfully entered upon the premises and ousted and ejected the plaintiff therefrom; (*c*) that the defendant has ever since wrongfully and unlawfully withheld the possession from the plaintiff. Appellant first contends that, having entered the whole lot under legal title thereto, he is to be considered in possession of the whole thereof, for the reason that he remained in possession of a part. It is true that the law presumes a possession of the whole from a possession of a part by a person entering under certain title to the whole, but this presumption falls as soon as the contrary is established by fact, and as the complaint itself alleges that the defendant has ousted him and held possession of the very part of the lot which is in dispute, it cannot be seen how plaintiff can call in this presumption.

The appellant's contention is, that the complaint does not allege the facts which, by our statutes, constitute adverse possession. Our statute, it is true, in sections cited by appellant, gives certain facts as constituting adverse possession, but thereby it gives only certain rules of interpretation for cases where adverse possession is disputed. Therefore, if the complaint alleges adverse possession itself, the sections cited are plainly inapplicable, and this allegation is made in the complaint, even if we should allow the words "wrongful and unlawful" to be treated as surpulsage, as appellant asks; for the allegation (*b*) of ouster, in connection with the allegation (*a*) of seisin and title, would still show a wrongful ouster, and allegation (*c*)

shows a holding of possession on the basis of such ouster.
And a wrongful ouster is a disseisin. (Co. Litt. 181 *a*, 153 *b*.)
Hence the allegation of ouster and the withholding of posses-
sion imports more than a bare trespass. It is tantamount to an
allegation that the trespasser intends to claim the benefit of the
ouster; it is a disseisin, and this disseisin is an actual disseisin,
or a disseisin in fact. A wrongful ouster or disseisin imports
an adverse possession. The allegation of wrongful ouster is
equivalent to an allegation of adverse possession, with all that this
term implies. (Abbott's Law Dict. tit. "Disseisin"; Bouvier's
Law Dict. tit. "Disseisin"; Anderson's Law Dict. tit. "Pos-
session, Adverse.") "Adverse possession is equivalent to, or
commences with, disseisin or ouster." (Hilliard on Remedies
for Torts, p. 171.)

The statutes of Montana do not require that the entry be
made under claim or color of title; it is sufficient that it be
adverse to the real owner, i. e., that it amount to a wrongful
ouster or disseisin. (*French* v. *Pearce*, 8 Conn. 439; 21 Am.
Dec. 680; *Unger* v. *Mooney*, 63 Cal. 590; 49 Am. Rep. 100;
*School Dist.* v. *Benson*, 31 Me. 381; 52 Am. Dec. 628.) One
who enters not under claim or color of title, or not adverse to
the title of the true owner, is a bare trespasser as distinguished
from a disseisor. Disseisin, or wrongful ouster, being synony-
mous terms, are interpreted by adverse possession, as defined by
our statute, so that, for the purposes of this demurrer, it is ap-
parent upon the face of the complaint that the taking and hold-
ing possession was adverse in the sense of our statutes. This
conclusion is fairly deducible from the elementary principles
applicable to the action of ejectment, and is clearly supported
by the decisions. (*Warfield* v. *Lindell*, 38 Mo. 562; *Kennebec
Purchase* v. *Springer*, 4 Mass. 416; 3 Am. Dec. 230, and note;
*Bryan* v. *Atwater*, 5 Day, 181; 5 Am. Dec. 136; *Parker* v.
*Proprietors*, 3 Met. 91; 37 Am. Dec. 123, 125; *Bath* v. *Valdez*,
70 Cal. 357.) From these decisions it appears that the adverse
possession, which will set the Statute of Limitations in motion,
must be of such a nature as to constitute an ouster; that ouster
is a technical term which, *ex vigore*, imports adverse possession
in its fullest sense, and that therefore the complaint, in alleging
ouster and withholding of possession on the basis of this ouster

by the defendant, during more than five years, shows on its face that the plaintiff is barred by the Statute of Limitations. (Sedgwick & Wait on Trial of Title to Land, § 283, and notes; 1 Am. & Eng. Encycl. of Law, p. 228, n. 1; *School Dist.* v. *Benson,* 31 Me. 381; 52 Am. Dec. 618; *Gillaspie* v. *Osburn,* 3 Marsh. A. K. 77; 13 Am. Dec. 136, and note; *Jackson* v. *Whitbeck,* 6 Cowen, 632; 16 Am. Dec. 454; *Zeller* v. *Eckert,* 4 How. 289; *Newell* v. *Woodruff,* 30 Conn. 497.)

BLAKE, C. J.—The appellant filed August 13, 1890, his complaint in the court below, and alleged "that on the second day of April, A. D. 1885, the said plaintiff became, and ever since said date has been, and now is, the owner and seised in fee, and entitled to the possession of all that certain lot of land [description]; that while the plaintiff was such owner, and so seised and possessed, and entitled to the possession of said land and premises, the defendant did, on the day and year aforesaid, wrongfully and unlawfully enter into and upon the following part and portion of said lot of land, viz. [description], and did oust and eject the plaintiff therefrom, and ever since that day wrongfully and unlawfully withheld, and still and now wrongfully and unlawfully does withhold, the possession thereof from the plaintiff, to his wrong, injury, and damage in the sum of one thousand dollars; that the value of the rents and profits of the said land and premises is two hundred dollars per month; and that by reason of the unlawful withholding of the said land by the defendant, as aforesaid, plaintiff has been deprived of said rents during all the time since the second day of April, A. D. 1885, and by the continuance thereof will be deprived of the use and occupation of the same to his loss and damage in the sum of two thousand dollars." The prayer is for "the restitution of said land and premises," and damages.

The demurrer of the defendant is as follows: "That the said complaint does not state facts sufficient to constitute a cause of action, in this: That it appears from the face of the complaint that the defendant has been in possession of the property described in the plaintiff's (complaint) for more than five years prior to the commencement of the plaintiff's action, and that said action is barred by sections 29 and 30, title 3, chapter 2,

Compiled Statutes of Montana, and that the defendant claims the benefit of the same."

The demurrer was sustained by the court, and upon the refusal of the plaintiff to file an amended complaint, judgment was entered for the defendant for his costs.

The sections of the Code of Civil Procedure which are mentioned in the demurrer read as follows: " Sec. 29. No action for the recovery of real property, or for the recovery of the possession thereof, can be maintained, unless it appear that the plaintiff, his ancestor, predecessor, or grantor, was seised or possessed of the property in question within five years before the commencement of the action. Sec. 30. No cause of action or defense to an action, arising out of the title to real property, or to rents or profits out of the same, can be effectual unless it appear that the person prosecuting the action, or making the defense, or under whose title the action is prosecuted, or the defense is made, or the ancestor, predecessor, or grantor of such person, was seised or possessed of the premises in question within five years before the commencement of the act in respect to which such action is prosecuted or defense made."

The briefs of counsel restrict our inquiry to one question, does the complaint show upon its face that the defendant enjoyed the adverse possession of the land in controversy more than five years before the commencement of this action? It is alleged that the plaintiff was, at all the times named in the pleading, "the owner and seised in fee" of the premises. This rule has been prescribed by the Code of Civil Procedure: " In every action for the recovery of real property, or the possession thereof, the person establishing a legal title to the property is presumed to have been possessed thereof, within the time required by law, and the occupation of the property by any other person is deemed to have been under and in subordination to the legal title, unless it appear that the property has been held and possessed adversely to such legal title for five years before the commencement of the action." (§ 32.) After quoting this statute in *Lamme* v. *Dodson*, 4 Mont. 587, Mr. Justice Galbraith said: "The true principle, therefore, is that he who has the legal title to real property is presumed to have the right to the possession thereof until better right is shown." (See, also, *National*

*Min. Co.* v. *Powers,* 3 Mont. 344.) By the allegations of the complaint the defendant is a trespasser, and there is not a word which indicates that his acts with reference to the property are accompanied with any claim which is inconsistent with the title of the plaintiff. The intention of the party, which is a a vital element of an adverse possession to realty, is not shown, and there is nothing to rebut the presumption of the statute, *supra,* from the ownership in fee. (*McDonald* v. *Fox,* 20 Nev. 364, and cases cited; *Sharp* v. *Daugney,* 33 Cal. 505; *Figg* v. *Mayo,* 39 Cal. 262; *Unger* v. *Mooney,* 63 Cal. 586; 49 Am. Rep. 100; *Roman Catholic Archbishop* v. *Shipman,* 79 Cal. 288; *Harvey* v. *Tyler,* 2 Wall. 328; *Probst* v. *Presbyterian Church,* 129 U. S. 182.) The opinions in the last two cases were delivered by the learned jurist, Mr. Justice Miller, who said in *Harvey* v. *Tyler, supra:* "The third and last instruction given at the instance of plaintiffs had reference to the question of adverse possession, in its relation to the Statute of Limitations. Its purport was that if plaintiffs' title was found to be the paramount title, and any of the defendants entered upon and took possession of the land, *without title or claim, or color of title,* that such occupancy was not adverse to the title of plaintiffs, but subservient thereto. We think this law to be too well settled to need argument to sustain it. . . . . Where there is no claim of right, the possession cannot be adverse to the true title." In *Probst* v. *Presbyterian Church, supra,* the court approved *Harvey* v. *Tyler, supra,* and *Ewing* v. *Burnet,* 11 Peters, 41, in which this language is used: "An entry by one man on the land of another is an ouster of the legal possession, arising from the title, or not, according to the intention with which it is done; if made under claim and color of right, it is an ouster; otherwise it is a mere trespass; in legal language, the intention guides the entry and fixes its character."

It is therefore ordered and adjudged that the judgment be reversed, and that the cause be remanded, with directions to overrule the demurrer.

*Reversed.*

HARWOOD, J., and DE WITT, J., concur.