KENNEDY, RESPONDENT, v. DICKIE, APPELLANT.

(No. 1,430.)

(Submitted March 11, 1902. Decided July 14, 1902.)

*Forcible Detainer—Pleading—Negatives Pregnant.*

1. Code of Civil Procedure, Sec. 2081, Subd. 1, provides that forcible detainer consists in the unlawful holding of real estate by force or threats of violence, whether the same has been peaceably acquired or otherwise. Subdivision 2 provides that it also consists in the unlawful taking possession of land in the night time or in the absence of the owner, and the refusal to surrender the same on five days' notice to the former occupant, and that an "occupant," within the meaning of the second subdivision, is one who within five days preceding such unlawful entry was in peaceable and undisputed possession. Section 2092 provides that plaintiff in forcible detainer

must show right of possession, but not actual possession, as required in a forcible entry case. The complaint in forcible detainer did not allege that defendant took possession in the night or in the absence of the owners. *Held,* that the action was under Section 2081, Subd. 1, and therefore the complaint was not invalid in failing to allege that plaintiff had been in peaceable and undisputed possession within five days before the entry of defendant; the plaintiff not being required to establish such fact either by Subdivision 1 or by Section 2092.

2. A complaint in forcible detainer showing that defendant has been in possession of the property for over a year is not bad, as showing a defense within Code of Civil Procedure, Sec. 2092, providing that quiet possession for one year by defendant or his predecessor shall be a defense, unless it also shows such possession to have been quiet.

3. An allegation in forcible detainer that defendant has unlawfully withheld possession by menaces and threats of violence, and still unlawfully withholds possession of the property from plaintiff, is a sufficient allegation of such facts.

4. Where the answer in forcible detainer expressly denies the allegation of a paragraph of the complaint, which charged a forcible detainer, and denies that plaintiff is entitled to possession of the land or has any right thereto, it is error to give judgment for plaintiff on the pleadings, on the ground that the answer raises no issues of fact.

5. A negative pregnant allegation in an answer, admitting by implication a material fact alleged in the complaint, does not operate to prevent an express denial of such fact from putting it in issue.

*Appeal from District Court, Yellowstone County; C. H. Loud, Judge.*

Forcible detainer by Edward B. Kennedy against William Dickie. From a judgment for plaintiff, defendant appeals. Reversed.

*Mr. R. T. Allen, Mr. T. J. Walsh,* and *Mr. Eustace Wheeler,* for Appellant.

*Mr. O. F. Goddard,* for Respondent.

MR. JUSTICE PIGOTT delivered the opinion of the court.

This is an appeal by the defendant from a judgment on the pleadings entered for the plaintiff in proceedings which are supposed to constitute an action under the provisions of Chapter IV of Title III of Part III of the Code of Civil Procedure, entitled "Summary Proceedings for Obtaining Possession of Real Property in Certain Cases." The chapter comprises what is commonly called the "Forcible Entry and Detainer Statute."

In his oral argument and in his brief, counsel for the plaintiff stated that the complaint, when filed, was intended as the commencement of an action in ejectment, but was amended by interlineation, with the defendant's consent, so as to change the cause to one for forcible detainer. His statement is supported by the condition of the pleadings; the complaint particularly being so incumbered with immaterial matter that much difficulty has been experienced in the effort to determine what issuable allegations of ultimate facts the complaint was designed to present, and, by fair interpretation of its language, contains. Seeking to show title in himself for the purpose of his intended action of ejectment, the plaintiff alleges, in substance, that on or about May 24, 1895, he, being then and ever since a citizen of the United States, and qualified to enter a homestead, entered upon, and took possession of, as a homestead, under the laws of the United States, a certain 160-acre parcel of land subject to such entry, including the 40 acres here in controversy; that immediately after taking possession he put upon the land a tent for the habitation of himself and his family, and on May 30, 1895, he erected a substantial dwelling house thereon and moved into it, and, with his family, has continuously occupied and resided on the lands from that time down to the beginning of the action; that when he entered and took possession it was his *bona fide* intention to enter and occupy the same as a homestead under the laws of the United States, and to establish thereon a home for himself and his family, and that in 1895, 1896, 1897 and 1898 he cultivated a part of the land as a garden, cut hay from other parts, and a part he inclosed with a substantial fence; that as soon as the lands were subject to entry, namely, on September 9, 1895, he filed on the lands as a homestead, obtained the usual certificate, and ever since has intended, and now intends, to make final proof and acquire title thereto; that a contest of plaintiff's entry by the defendant was determined by the secretary of the interior in favor of the plaintiff; and that his homestead entry is valid and intact. For the purpose of converting the complaint into one under the statute, the plaintiff proceeds: "(6) That on

or about the 28th day of May, 1895, and while plaintiff was so possessed and entitled to the possession of said lands and premises, the defendant did, on or about the day·and year aforesaid, without right or title, enter into and upon a part of the said lands, to-wit, the northwest quarter of the northwest quarter (N. W. 1/4 of N. W. 1/4) of section thirty-five (35), township one (1) north, of range twenty-six (26) east of the Montana principal meridian, containing forty (40) acres, and ousted and ejected the plaintiff therefrom, and ever since that day has, by force and by menaces and threats of violence, unlawfully withheld and still withholds the possession thereof from the plaintiff, to his damage in the sum of five hundred dollars ($500).    *    *    *    (8) That on or about the 22d day of October, 1898, the plaintiff demanded of the defendant, in writing duly served upon the defendant, at the county of Yellowstone, the possession of said lands so unlawfully and forcibly held by the defendant, and that the defendant should remove himself and his family and all of his personal effects and property from said lands, and also to not remove from said lands and premises any tenements, erections, buildings, fences, or other improvements situate thereon or attached thereto; but to vacate or deliver possession of said lands or premises, or the said improvements, erections, buildings and fences, the defendant has ever refused and neglected, but still continues to so forcibly, unlawfully, and wrongfully hold the said lands and premises."

By his answer (the negatives pregnant being first rejected) the defendant denies that the plaintiff entered upon or took possession of the lands; denies that it was unoccupied or unappropriated; denies that the plaintiff ever erected a tent or house thereon, or that he resides thereon; denies the averments touching cultivation and the plaintiff's intent to occupy the land as a homestead; denies the validity of the decision of the secretary of the interior and the subordinate federal officers in favor of the plaintiff; denies the allegations of the eighth paragraph; "denies that said plaintiff is entitled to the possession of the said lands so described, or to any part thereof, or to the

improvements thereon; and denies that said plaintiff has any right, title, or interest in or to said lands described in said complaint, or ever had the possession thereof;" and alleges that the defendant himself is entitled to the possession of the lands and improvements. On these pleadings, judgment in favor of the plaintiff was entered upon the ground that the answer neither raised an issue nor set up an affirmative defense.

. Section 2081 of the Code of Civil Procedure reads as follows: "Every person is guilty of a forcible detainer who either: (1) By force or by menaces and threats of violence, unlawfully holds and keeps the possession of any real property or mining claim, whether the same was acquired peaceably or otherwise; or (2) who, in the night time, or during the absence of the occupant of any lands or mining claim, unlawfully enters upon real property, and who, after demand made for the surrender thereof, for the period of five days refuses to surrender the same to such former occupant. The occupant of real property or mining claim, within the meaning of this subdivision, is one who, within five days preceding such unlawful entry, was in the peaceable and undisputed possession of such lands."

The plaintiff contends that the proceedings were instituted under subdivision 1 of that section, while the defendant insists that the proceedings, in so far as they can properly be regarded as founded upon the forcible entry and detainer statute, manifestly rest upon the provisions of subdivision 2 of that section. If the proceedings were instituted under either of the subdivisions, there must be applied to them the provisions of Section 2092 of the Code of Civil Procedure: "Sec. 2092. On the trial of any proceedings for any forcible entry or forcible detainer, the plaintiff shall only be required to show, in addition to the forcible entry or forcible detainer complained of, that he was peaceably in the actual possession at the time of the forcible entry, or, was entitled to the possession at the time of the forcible detainer. The defendant may show in his defense, that he or his ancestors, or those whose interest in such premises he claims, have been in the quiet possession thereof for the space of one whole year together next before the commencement

of the proceedings, and that his interest therein is not then ended or determined, and such showing is a bar to the proceedings." Relying upon the provisions of Subdivision 2 of Section 2081, the defendant argues that the complaint is fatally defective because it omits to state that the plaintiff was, within five days preceding the unlawful entry, "in the peaceable and undisputed possession" of the lands. For such contention we find no warrant. Section 2080 specifies two conditions, relations, or series of acts, either of which is declared to constitute a forcible entry. Section 2081 likewise specifies the acts which shall render the perpetrator guilty of a forcible detainer. Section 2092 prescribes the proof which must be adduced in support of an action for a forcible entry, and also the proof required to sustain an action for forcible detainer, each wrong or cause of action having been described and defined by Sections 2080 and 2081. If the object of the action is to obtain the remedy for a forcible entry, the proof required by Section 2092 is twofold: (1) Proof of the forcible entry as defined in Section 2080; and (2) proof that the plaintiff "was peaceably in the actual possession at the time of the forcible entry." If the purpose of the action is to obtain relief from a forcible detainer, proof must be made under Section 2092 (1) of the forcible detainer, as defined in Section 2081; and (2) of the plaintiff's right to the possession at the time of the forcible detainer. Hence the only provisions of the statute which demand allegations or proof in respect of the plaintiff's actual or peaceable possession are those which have to do with actions for forcible entries and those applicable to actions for forcible detainers, as defined by Subdivision 2 of Section 2081.

The averments with respect to an actual ouster are not sufficient as a statement of a forcible entry within the meaning of Section 2080, the plaintiff distinctly disavows such purpose, the defendant does not contend that the action is for a forcible entry, and we think it cannot be so regarded. Unless, therefore, such requirement is embraced within Section 2081, the plaintiff need not allege or prove actual or peaceable possession. It is to be remembered that the section last mentioned does not

prescribe the proof required to maintain an action, but merely defines the acts which shall constitute a forcible detainer. The definition given by Subdivision 1 does not include the element of possession at any time by a plaintiff; if a defendant has committed the acts there described, he is guilty of a forcible detainer, even if the plaintiff has never been in possession of the land detained. The acts which Subdivision 2 denounces as a forcible detainer must (except the refusal to surrender the property) be committed "in the night time, or during the absence of the occupant:" and, to avoid uncertainty as to the legal significance of the word "occupant," that word is defined as describing "one who, within five days preceding such unlawful entry, was in the peaceable and undisputed possession of such lands." The definition is confined to the one word, and is further expressly restricted to its use "within the meaning of this subdivision,"—that is, Subdivision 2. It therefore seems quite clear that a forcible detainer (except as to the element of refusal to surrender the property), under Subdivision 2, must be committed either "in the night time," or "during the absence of" "one who, within five days preceding such unlawful entry, was in the peaceable and undisputed possession of such lands." The complaint being silent with respect to an entry in the night time or during the absence of the occupant, none of the provisions of Subdivision 2 are applicable. We have already held that none of the provisions of the forcible entry section are pertinent. The conclusion is that this is an action for a forcible detainer under the provisions of Subdivision 1 of Section 2081; that no allegation of the plaintiff's actual, peaceable, or undisputed possession is essential; and that in this respect the complaint is good.

Further objection is made that the complaint is bad because, as the defendant asserts, it shows upon its face that he had been in possession of the lands for a longer period than one year next before the commencement of the proceedings; and he invokes the last part of Section 2092, *supra.* Suffice it to say that we need not pause to consider what would be the result if from the complaint it appeared that the defendant had

been in "quiet possession thereof for the space of one whole year together next before the commencement of the proceedings, and that his interest therein is not then ended or determined." Nowhere in the complaint does it appear that the defendant was ever in the *quiet* possession.

Another objection to the complaint urged in this court by the defendant is that it is fatally defective because there is a want of any allegation that the plaintiff was entitled to the possession of the land at the time of the forcible detainer. We have already observed that in an action for a forcible detainer the evidence demanded by Section 2092 must establish two facts: First, a forcible detainer as defined in Section 2081; secondly, that the plaintiff was entitled to the possession at the time of the forcible detainer. An allegation that a party is entitled to possession is usually a mere conclusion of law; but in actions for forcible detainer such an allegation is sufficient, without setting out the facts upon which it is based. This difference results from the peculiar nature of the action and of the issues that can be presented. Such a statement, or its equivalent in the form of facts averred, is essential. This the plaintiff admits, but argues that the complaint, taken as a whole, discloses his right to possession at the time of the forcible detainer. The question thus raised is one of some difficulty and doubt, and, as the judgment must be reversed for the reason presently to be stated, we prefer to reserve the point. Upon remand the plaintiff will doubtless be afforded an opportunity to amend the complaint. Under these circumstances, a determination of the point seems to be unnecessary.

As we have already decided, the complaint attempts (at least) to state a cause of action under Subdivision 1 of Section 2081 of the Code of Civil Procedure. One of the essential allegations of such a complaint is that the defendant by force, or by menaces and threats of violence, unlawfully holds and keeps the possession of the real estate. In this particular we think the complaint not open to objection. The other essential allegation is that the plaintiff was entitled to the possession at the time of the forcible detainer; we assume, for present purposes,

the sufficiency of the complaint in this regard. Does the answer contain a denial of either of these vital allegations? If it does, an issue was framed and tendered, and the judgment is erroneous. Examination of the answer discloses that it contains an express denial of the allegations made in the eighth paragraph of the complaint, among which is one charging the defendant with the forcible detainer; hence this averment is traversed. Upon the other essential allegation—which, we assume, appears in the complaint—an issue is framed; for in his answer the defendant (referring, of course, to the time when the complaint was filed) expressly "denies that said plaintiff is entitled to the possession of the said lands so described, or to any part thereof, or to the improvements thereon, and denies that said plaintiff has any right, title or interest in or to said lands described in said complaint," and, by way of argumentative denial, asserts that he himself is entitled to the possession. Counsel for the plaintiff suggests that, because some of the denials are pregnant with admissions of the essential allegations of the complaint, the express denials are without force; but this cannot be correct, for admissions arising by mere implication from negatives pregnant are overcome and nullified by express denials. In the law of pleading, admission by failure expressly to controvert is implied admission inferred from silence; a negation which falls short of a good denial is silence (or equivalent to silence) pregnant with implied admission. Express denial of an allegation so impliedly admitted destroys the admission inferred from silence or an imperfect negation, and raises an issue. It therefore appears that the essential allegations of the complaint are traversed by the denials contained in the answer.

Holding, as we do, that the answer states, by way of denial, facts sufficient to constitute a defense, it follows that the judgment is erroneous and must be reversed. The judgment is therefore reversed, and the cause remanded. *Remittitur* may issue forthwith.

*Reversed and remanded.*