MINER, Appellant, v. COOK et al., Respondents.

(No. 6,619.)

(Submitted May 8, 1930. Decided June 11, 1930.)

[288 Pac. 1016.]

*Mr. Earl Wineman* and *Messrs. Slattery & Tighe,* for Appellant, submitted a brief; *Mr. Wineman* argued the cause orally.

*Messrs. Belden & De `Kalb,* for Respondents, submitted a brief; *Mr. O. W. Belden* argued the cause orally.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

The plaintiff, R. U. Miner, has appealed from a judgment of nonsuit in an ejectment action brought by him against Chan L. Cook, John Harris and Security Trust Company of Freeport, a corporation.

The pleadings and undisputed facts adduced show that the plaintiff is, and has been since 1912, the owner of the record title to the northeast ¼ of the northeast ¼ of section 31, and the northwest ¼ of the northwest ¼ of section 32, in township 16 north of range 12, east of the Montana principal meridian, while the defendants hold title to the two 40-acre tracts lying immediately north of plaintiff's land. The holdings of plaintiff and defendants would, therefore, be divided by an imaginary line running east and west, or a section line.

The complaint alleges that in 1925 defendants wrongfully and unlawfully entered upon and ousted and ejected plaintiff from a portion of his land, which is therein described by metes and bounds, and continue to withhold possession thereof from him. The key to this contention is that, for more than twenty years prior to the commencement of the action, the two ranches have been separated by a county road approximately on the section line between the lands of plaintiff and defendants; the contention of plaintiff being that the road departs from the line and leaves the tract particularly described to the north of the north line of the road.

The defendants allege that no portion of the 40-acre tracts to which plaintiff holds title lies north of the road, but, if any portion thereof does lie north of the road, defendants have acquired title thereto by adverse possession in them and their predecessors in interest of their two 40-acre tracts for more than ten years prior to the commencement of the action.

As plaintiff alleges that he was ousted from possession in 1925, and that defendants have since that time remained in possession of the tract in dispute, his action is properly one in ejectment. (*Milligan* v. *Savery*, 6 Mont. 129, 9 Pac. 894.) The complaint is in the form heretofore approved in such an action by this court, and is sufficient. (*Peter* v. *Stephens*, 11 Mont. 115, 28 Am. St. Rep. 448, 27 Pac. 403; *Baker* v. *Butte Water Co.*, 40 Mont. 583, 135 Am. St. Rep. 642, 107 Pac. 819.)

The vital allegations of this complaint are (a) plaintiff's ownership and right to possession of the tract of land de-

scribed in the complaint and from which it is alleged he was ejected by defendants, and (b) wrongful and unlawful ouster and ejectment by the defendants. Proof of both of these vital allegations is necessary in order to make out a case. (*Herbert* v. *King*, 1 Mont. 475.)

Section 9018, Revised Codes 1921, declares that ''in every action for the recovery of real property, or the possession thereof, the person establishing a legal title to the property is presumed to have been possessed thereof within the time required by law, and the occupation of the property by any other person is deemed to have been under and in subordination to the legal title, unless it appear. that the property has been held and possessed adversely to such legal title for ten years before the commencement of the action.''

Proof, therefore, that plaintiff acquired title to the two 40-acre tracts of which the parcel in dispute is alleged to be a part, in 1912, supplemented by the legal presumption that a thing once proved to exist continues so long as is usual with things of that nature (sec. 10606, subd. 32, Rev. Codes 1921), was sufficient, in the absence of proof to the contrary, to make a prima facie case in behalf of the plaintiff. (*Collins* v. *Thode*, 54 Mont. 405, 170 Pac. 940; *Rude* v. *Marshall*, 54 Mont. 27, 166 Pac. 298; *Northern Pacific Ry. Co.* v. *Cash*, 67 Mont. 585, 216 Pac. 782.)

However, the plaintiff by his own testimony disclosed that he was seeking to recover possession of lands lying north of the county road, which he believed to be a part of his two 40-acre tracts. Proof of this situation is at least doubtful, but, in essaying affirmatively to prove his possession of the lands in dispute, and ouster and ejectment by the defendants, plaintiff testified that he was last in possession of the parcel in dispute in 1917—more than ten years prior to the commencement of the action—and that he then occupied it, not by reason of his ownership of his tract lying south of the road, but first by sufferance of the owner of the tract lying north of the road, and then as one of four claimants of the forties to the north who claimed the disputed strip as a part

of the ranch now owned by the defendants. Thus, by "proof to the contrary," plaintiff himself overcame the presumption that he was in possession of the strip "within the time required by law," and affirmatively destroyed his vital allegation that he was ejected from the land by the defendants.

Section 9015, Revised Codes 1921, declares that "no action for the recovery of real property, or for the possession thereof, can be maintained, unless it appear that the plaintiff, his ancestor, predecessor, or grantor, was seized or possessed of the property in question within ten years before the commencement of the action"; and section 6818, Id., provides that "occupancy for the period prescribed by the Code of Civil Procedure as sufficient to bar an action for the recovery of the property confers a title thereto, denominated a title by prescription, which is sufficient against all."

While the proof was unsatisfactory, a map of the premises shows the dividing road to be not straight, and plaintiff might be able to produce satisfactory evidence to the effect that a portion of his land lies to the north of the road, but in this action it was immaterial whether he did so prove or not.

Under the condition of the record made, the court was justified in granting defendant's motion for nonsuit. Judgment affirmed.

Mr. Chief Justice Callaway and Associate Justices Galen and Ford concur.

Mr. Justice Angstman, being absent, did not hear the argument and takes no part in the foregoing decision.