WHITE, RESPONDENT, *v.* JEWETT, APPELLANT.

(No. 7,767.)

(Submitted March 21, 1938. Decided March 30, 1938.)

[78 Pac. (2d) 85.]

*Mr. C. E. Comer,* for Appellant, submitted an original and a reply brief, and argued the cause orally.

*Mr. Fred Schilling,* for Respondent, submitted a brief, and argued the cause orally.

MR. JUSTICE ANDERSON delivered the opinion of the court.

Plaintiff brought this action to cancel and terminate a contract for the sale and purchase of real estate. Judgment was entered

granting relief in accord with the prayer of plaintiff's complaint. The appeal is from the judgment.

Plaintiff, as the owner of the real estate in question, entered into a written contract whereby she agreed to sell, and the defendant agreed to buy, the real estate. The contract was dated September 1, 1933. The defendant agreed to pay the purchase price in installments of varying amounts, maturing on the first of September of the years 1934, 1935, 1936, and 1937. Interest on the deferred payments was payable semiannually, and defendant agreed to pay all taxes imposed on the land.

The contract contained the following provision relative to its termination: "And in case of the failure of the said party of the second part to make either of the payments, or interest thereon or any part thereof, or perform any of the covenants on her part hereby made and entered into, then the whole of said payments and interest shall, at the election of said first party become immediately due and payable, and this contract shall, at the option of the party of the first part, be forfeited and determined by giving to the said second party ninety days' notice, in writing, of the intention of the first party to cancel and determine this contract, setting forth in said notice the amount due upon said contract, and the time and place, when and where payment can be made by said second party." The contract further provided that the 90-day notice was reasonable and sufficient to cancel all obligations of the contract; the defendant to forfeit all her interest in the property, all payments made on the purchase price, and all improvements placed on the land by her. Upon the giving of the notice and the expiration of the time specified in the contract, the plaintiff was to have the right of re-entry.

On April 12, 1935, the defendant assigned to the plaintiff all her interest in a contract between the defendant and one Jean Justus for the sale of other lands upon an installment contract "for the purpose of securing the payment of the sum of $373.33, delinquent interest" then due on the contract involved in this action. Payments were made to plaintiff under this assigned contract.

The payments on the principal were not made as provided in the contract, and on April 7, 1936, the following instrument was executed by the plaintiff:

"I have this day received from Alice B. Jewett the sum of $290.50 in full payment of the interest for the year March, 1935–1936, under the contract of sale for certain lands situated in the Blackfoot Valley, which contract is dated the first of September, 1933.

"It is understood that Mrs. Jewett will pay all taxes now due and delinquent and will meet the taxes and interest payment under said contract as they come due. That no payment will be demanded upon the principal until after March 1, 1937, and that the Notice to terminate said contract heretofore served shall be waived, but otherwise said contract shall remain in full force and effect."

On September 17, 1936, plaintiff served notice upon the defendant setting forth the various installments of the principal sum which were past due according to the terms of the contract, and declaring the contract terminated unless the payments on the principal were made within ninety days. The notice also specified $145 as being due on account of delinquent interest. At that time certain taxes on the land were past due and delinquent.

This action was commenced on January 12, 1937. Some payments were made by Justus to the plaintiff under the assigned contract, which were accepted by the plaintiff after the giving of the notice in September, 1936, one or two of which payments were made on the same contract and accepted after the commencement of this action.

Both parties submitted findings of fact and conclusions. The court made its own findings and conclusions.

It is contended that the court should have found that the assignment of the Justus contract was made as security for the payment of interest, and, therefore, the action was premature, since, it is asserted, the security has not been exhausted, and hence section 9467, Revised Codes, is said to be applicable. That section declares that there is but one action for the recovery

of a debt or the enforcement of any right secured by a mortgage on real or personal property, which action is the foreclosure of the mortgage. The section applies only to actions for the recovery of debts or the enforcement of rights secured by a mortgage, or what amounts to a mortgage in law. (*Barth* v. *Ely,* 85 Mont. 310, 278 Pac. 1002.) The assignment of the contract was not to secure the payment of any installments of the principal or of interest thereafter accruing, or the payment of taxes. The plaintiff here is not seeking to enforce a right under the contract, or to recover the debt created by the contract. She is asking to have the contract terminated, ended, and canceled. A well-recognized distinction exists between the remedy to enforce contracts of this kind, and one to cancel them. (*Arnold* v. *Fraser,* 43 Mont. 540, 117 Pac. 1064; *Henderson* v. *Daniels,* 62 Mont. 363, 205 Pac. 964; *J. M. Hamilton Co.* v. *Battson,* 99 Mont. 583, 44 Pac. (2d) 1064, 101 A. L. R. 520.)

Although the remedy by cancellation is mentioned in the contract in question, it is not there declared to be the exclusive remedy. A party may pursue any remedy which the law affords in addition to the remedy provided by the contract, unless it declares the remedy to be exclusive. (*J. M. Hamilton Co.* v. *Battson,* supra.)

The statute, section 9467, is without application here, where no attempt is being made to recover on the debt or enforce a right the performance of which is secured by a mortgage.

It is urged that the trial court erred in failing to grant defendant an extension of time in which to pay the indebtedness owing, under the Frazier-Lemke Farm Mortgage Act. (11 U. S. C. A., sec. 203.) The federal courts have exclusive jurisdiction under the terms of that Act, and if defendant was desirous of securing relief under the provisions of the Act in question, she should have applied to the forum empowered to grant relief in such cases.

It is contended that the notice of September 17, 1936, was insufficient to terminate the contract. It is said that the plaintiff was thereby seeking to enforce the contract. However, the contract provided that upon the default of the de-

fendant the whole of the payments shall, at the election of the plaintiff, become immediately due and payable. The notice was the exercise of this election on the part of plaintiff to declare these payments due. According to the provisions of the contract, she was required to specify the amount of these payments and afford the defendant the period of ninety days within which to make them.

The instrument of April 7, 1936, provided that the payments of principal were not thereafter to be demanded until March 1, 1937, but the payments of interest and the taxes were to be made as agreed. The taxes were not paid on May 31 and became delinquent after that date, and the semiannual interest due September 1 thereafter became delinquent. After the occurring of these delinquencies plaintiff was entitled under the terms of the contract and the instrument of April 7, 1936, to declare all payments due, which she did. It was after the commencement of the action that a new demand was made for the payment of the principal, and it is argued that this demand was an attempt to enforce the contract, was in recognition of the contract, and, therefore, a waiver of the right to cancel it. At that time the vendor had not pursued any of her remedies to a conclusion. If a vendor pursued one of the afforded remedies to its conclusion he is thereby concluded from attempting to follow another. (*J. M. Hamilton Co.* v. *Battson,* supra; *Adamczik* v. *McCauley,* 89 Mont. 27, 297 Pac. 486; *Edwards* v. *Muri,* 73 Mont. 339, 237 Pac. 209; *De Young* v. *Benepe,* 55 Mont. 306, 176 Pac. 609.) The making of the demand did not amount to a waiver of the right to pursue the remedy for cancellation of the contract.

It is contended that the court was in error in failing to find that the acceptance of the payments made under the Justus contract amounted to a waiver of the right to proceed for the cancellation of the contract. The Justus contract, as we have noted, was assigned as security for past-due interest. The payments when made under the assignment were in liquidation of that specific indebtedness. This indebtedness originally arose under the contract. But when the Justus contract was assigned,

it was accepted as a new and different transaction. We have held that where a note was accepted in payment of an install-ment due under a contract for the sale and purchase of land, such note stood on no different basis than if it had been given in an entirely different transaction, and that a judgment re-covered on it might stand even though the contract for the pur-chase and sale of the land had been canceled. (*Edwards* v. *Muri*, supra.) And accordingly we must hold that the payments made on the Justus contract did not amount to a waiver of the right to proceed with the suit for the cancellation of the contract in question.

Judgment affirmed.

ASSOCIATE JUSTICES STEWART, MORRIS and ANGSTMAN concur.

MR. CHIEF JUSTICE SANDS, absent on account of illness, did not hear the argument, and takes no part in the above decision.