No. 86-418

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

---

STATE OF MONTANA, DEPARTMENT OF LABOR
and INDUSTRY, LABOR STANDARDS DIVISION,
ex rel., LOUIS P. VETCH and DAR-LA KILLHAM,

        Plaintiffs and Respondents,

   -vs-

DAVID A. HULMAN a/k/a DAVE HULMAN and
PRUDENCE HULMAN, husband and wife, and
partners d/b/a BRONZE BOOT,

        Defendants and Appellants.

---

APPEAL FROM:  District Court of the First Judicial District,
               In and for the County of Lewis & Clark,
               The Honorable Thomas Honzel, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        John Houtz, Forsyth, Montana

    For Respondent:

        Mary Anne Simpson, Labor Standards Division, Helena,
        Montana

---

Submitted on Briefs: Dec. 18, 1986

Decided: February 13, 1987

Filed:  FEB 13 1987

_Ethel M. Harrison_
Clerk

Mr. Justice Frank B. Morrison, Jr. delivered the Opinion of the Court.

This is an appeal from the First Judicial District Court's denial of a motion to set aside a default judgment entered against Dave and Prudence Hulman, d/b/a Bronze Boot (Hulmans).

Dar-La Killham and Louis Vetch filed wage claims with Montana's Commissioner of Labor for wages owed them by their former employers, the Hulmans. Killham's claim was for $500, while Vetch requested $2,625. Hulmans were served April 10, 1986, with a notice of opportunity for hearing which explained the wage claims, the applicable statutes and their right to file a written request for a hearing. Copies of the wage claims were attached. Hulmans allege that they contacted the Department of Labor and Industry by telephone regarding the wage claims. Hulmans failed to file a written request for a hearing.

On May 7, 1986, an order of default was executed by the Department of Labor and Industry. The order set forth the amount of the claims owed, $3,125, and the penalty assessed under § 39-3-206, MCA, $3,125. The order also explained Hulmans' right to judicial review of the proceedings. No review was requested. On June 20, 1986, upon the application of the Department, a final order of judgment was entered finding the Hulmans' indebted to the Commissioner of the Department of Labor in the amount of $6,250, in unpaid wages and penalties. Notice of entry of judgment was filed and served on the Hulmans July 2, 1986. On July 18, 1986, the Hulmans filed a motion to set aside the default. It was denied August 27, 1986.

Meanwhile, the Custer County Attorney's office recovered bad check restitution from Hulmans as follows:

1

| July 9, 1986 | $210.54 to Killham |
|---|---|
| July 11, 1986 | $708.26 to Vetch |

Also, Vetch agreed to accept $831 in equipment from Hulmans in lieu of part of the wages owed him. The Department acknowledged these payments and credited the $6,250 judgment accordingly.

Hulmans present one issue for our review. Did the District Court abuse its discretion by denying their motion to set aside the default judgment?

A trial judge's determination that a default judgment should not be set aside may be overturned upon a showing of "slight abuse" of discretion. Lords v. Newman (Mont. 1984), 688 P.2d 290, 41 St.Rep. 1793. The trial judge did not abuse his discretion, even slightly, in this case.

Montana's Rules of Civil Procedure provide for the setting aside of default judgments under certain circumstances. "Good cause" to set aside the default judgment must be shown. Rule 55(c), M.R.Civ.P. Hulmans contend that good cause to set aside the default judgment exists in this instance for two reasons: first, the pursuance by the State of both administrative and criminal proceedings against Hulmans for the same offense; and second, Killham's wage claim for an amount greater than what she is owed.

The State is permitted to proceed with both an administrative process and a criminal prosecution against Hulmans. Section 39-3-215, MCA, states:

> Authority of county attorney. Nothing . . . contained [in the Wages and Wage Protection Act] shall be construed to limit the authority of the county attorney of any county of the state to prosecute actions, both civil and criminal, for such violations of this part as may come to his knowledge or to enforce the provisions hereof independently and without specific direction of the commissioner of labor.

Further, the State has not obtained double recovery from Hulmans. The sums obtained as a result of the criminal prosecution have been credited against the $6,250 judgment.

Any factual dispute with respect to monies owed Killham and Vetch should have been resolved at a hearing before the Commissioner of Labor. Hulmans were given adequate notice of the claims against them and of their right to a hearing on those claims. By failing to request a hearing, Hulmans waived their right to contest the amount of the wage claims.

Rule 55(c), M.R.Civ.P. further provides that a default judgment may be set aside for the same reasons a judgment following trial on the merits may be vacated. Kootenai Corp. v. Dayton (1979), 184 Mont. 19, 26, 601 P.2d 47, 50. Rule 60(b), M.R.Civ.P., sets forth the reasons for setting aside a final judgment, three of which are relied on by Hulmans: fraud; satisfaction of judgment; and "any other reason justifying relief from the operation of the judgment." Rule 60(b)(3), (5) and (6), MCA.

The basis for Hulmans' allegation of fraud is the State's pursuance of both administrative and criminal proceedings against them. We have already addressed this contention. The State properly pursued both avenues of recovery. The State has not attempted to achieve double recovery from the Hulmans. The State has not attempted to intentionally deceive the Hulmans, nor to deprive them of their day in court. There is no fraud warranting the setting aside of the default judgment. See Miller v. Miller (1980), 189 Mont. 356, 364-366, 616 P.2d 313, 318-319.

Hulmans' contention that the judgment has been satisfied is based on allegations of error in the determination of the amounts due and owing. Hulmans waived their opportunity to contest the amounts when they chose not to request an administrative hearing. The $3,125 penalty is mandated by

3

statute. Section 39-3-206, MCA. The initial judgment entered against Hulmans in the amount of $6,250 was proper. The lower court, relying on the Department's brief, found that $1739.80 of the judgment had been satisfied. The actual amount to be credited is $1749.80 ($210.54 + $708.26 + $831.00). We therefore amend the final order to reflect the true amount due and owing, $4500.20.

The order is affirmed in all other aspects.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

4